**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SUICHEN SI, | No.　15-70999 |
| Petitioner, | Agency No. A088-476-466 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2019[**]
Pasadena, California

Before:　SMITH, JR. and FRIEDLAND, Circuit Judges, and BASTIAN,[***] District Judge.

　　Suichen Si ("Si") petitions for review of the Board of Immigration Appeals'

("BIA") denial of asylum, withholding of removal and protection under the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Stanley A. Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Convention Against Torture ("CAT"). Si contends he is entitled to relief due to persecution on account of his political opinion. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determinations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (noting we review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole") (quotation omitted). Si provided inconsistent dates regarding the dates on which he began working for his former employer, and he then gave varying explanations for that inconsistency. Because his alleged employment with his former employer is central to his claim of persecution, his inconsistent testimony regarding this fact is even more glaring. *See Malkandi v. Mukasey*, 576 F.3d 906, 918 (9th Cir. 2008) (noting that discrepancies need not to go the heart of the applicant's claim to support the adverse credibility finding).

Moreover, his testimony was often vague, evasive, and non-responsive, and at times, implausible. When asked why he was seeking asylum, Si gave a rambling, incoherent explanation describing a vague power struggle between two officials. Si also gave vague and evasive testimony regarding the alleged encounters with the police and his family. His explanation why his wife, who he contacted monthly,

could not corroborate his claims was incredible.

In the absence of any credible testimony from Si, the record does not compel the conclusion that SI is entitled to relief.

**PETITION DENIED**.